# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 23-2100V

|  |  |
|---|---|
| CORY JUBINVILLE and OLGA JUBINVILLE, on behalf of W.J., a minor child,<br><br>     Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2025 |

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, PA, Washington, DC, for Petitioners.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 11, 2023, Cory Jubinville and Olga Jubinville, on behalf of W.J., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that W.J. suffered from intussusception resulting from a rotavirus vaccine received on June 2, 2023. Petition at 1-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 5, 2024, a ruling on entitlement was issued, finding Petitioners, on behalf of W.J., entitled to compensation for intussusception. On August 19, 2025,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded (1) $35,000.00 for W.J.'s pain and suffering, and (2) past unreimbursable expenses incurred by Petitioners related to W.J.'s vaccine injury in the amount of $3,466.78. Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners the following:**

A. **A lump sum payment of $35,000.00 (for W.J.'s pain and suffering)**, **to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners as guardians/conservators of the estate of W.J., for the benefit of W.J.; and**

B. **A lump sum payment of $3,466.78 (for past unreimbursable expenses), to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.**

These amounts represent compensation for all damages that would be available to Petitioners, individually and on W.J.'s behalf, under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CORY JUBINVILLE and OLGA JUBINVILLE, on behalf of WJ, a minor child, <br><br>         Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>         Respondent. | No. 23-2100V <br> Chief Special Master Corcoran <br> ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On December 11, 2023, Cory and Olga Jubinville ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act") on behalf of their minor child, WJ. Petitioners alleged that following receipt of the rotavirus vaccine on June 3, 2023, WJ suffered intussusception, as defined in the Vaccine Injury Table ("Table"), within the timeframe identified in the Table. Petition at 2. On September 4, 2024, respondent filed his Vaccine Rule 4(c) report, concluding that petitioners had satisfied the requirements for compensation under the terms of the Act for a Table injury. ECF No. 23. On September 5, 2024, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioners entitled to compensation. ECF No. 24.

**I.     Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

the following:

A. <u>Pain and Suffering</u>

Respondent proffers that petitioners, for the benefit of WJ, should be awarded a lump

sum of **$35,000.00** for WJ's pain and suffering.  *See* 42 U.S.C. §300aa-15(a)(4).  Petitioners

agree.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners document that they incurred past unreimbursable

expenses on behalf of WJ, related to WJ's vaccine injury.  Respondent proffers that petitioners

should be awarded past unreimbursable expenses in the amount of **$3,466.78**.  *See* 42 U.S.C. §

300aa-15(a)(1)(B).  Petitioners agree.

These amounts represent all elements of compensation to which petitioners, individually

and on WJ's behalf, are entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.

## II.    **Form of the Award**

The parties recommend that the compensation provided to petitioners on behalf of WJ

should be made through two lump sum payments as described below, and request that the Chief

Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of **$35,000.00** paid through an ACH deposit to petitioners'

counsel's IOLTA account for prompt disbursement to petitioners as

guardians/conservators of the estate of WJ, for the benefit of WJ.[3]

---

[2] Should WJ die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

[3] Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of WJ's estate under the laws of the State of New York.  Respondent will not make any payment until petitioners provide

B. A lump sum payment of **$3,466.78**, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.

### III.    Summary of Recommended Payments Following Judgment

A. Lump sum to petitioners, as guardians/conservators of the estate of WJ
   for the benefit of WJ, via ACH deposit:                              **$35,000.00**

B. Lump sum to petitioners, via ACH deposit:                           **$3,466.78**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ *Camille M. Collett*
By s/ *Madelyn E. Weeks*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station

---

respondent with documentation establishing that they have been appointed as the guardians/conservators of WJ's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of WJ any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of WJ upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of New York after WJ has attained the age of majority, any such payment shall be paid to WJ upon submission of written documentation of the termination of guardianship to the Secretary.

3

Washington, DC 20044-0146
Tel: (202) 616-4098
Email: Camille.M.Collett@usdoj.gov

Date: August 19, 2025

4