# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2100V

| | |
|---|---|
| CORY JUBINVILLE and OLGA JUBINVILLE, on behalf of W.J., a minor child, | Chief Special Master Corcoran |
| Petitioners, | Filed: May 27, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, PA, Washington, DC, for Petitioners.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 11, 2023, Cory Jubinville and Olga Jubinville, on behalf of W.J., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that W.J. suffered intussusception resulting from a rotavirus vaccination W.J. received on June 2, 2023. Petition at 1. On September 5, 2024, I issued a ruling on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

entitlement finding Petitioners entitled to compensation. ECF No. 24. On August 19, 2025, I issued a decision awarding damages to Petitioners based on the Respondents' proffer. ECF No. 37.

Petitioners have now filed a motion for attorney's fees and costs, requesting an award of $28,413.91 (representing $22,658.10 in fees plus $1,905.81 in costs and $3,850.00 in Petitioners out-of-pocket expenses). Motion for Payment of Petitioners' Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed November 19, 2025, ECF No. 42. Furthermore, Petitioners filed a signed statement representing that $3,850.00 was incurred in out-of-pocket expenses. ECF No. 42-4.

Respondent reacted to the motion on December 4, 2025, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 43. Also, on December 4, 2025, Petitioners filed a motion to strike Respondents' response as untimely. ECF No. 44.[3] Petitioners filed a reply to Respondents' response on December 15, 2025, requesting that the amount of fees, costs, and Petitioner's out-of-pocket personal expenses be paid. ECF No. 45.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs and out-of-pocket expenses. ECF No.'s 42-3 at 3-40 and 42-5 at 1-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioners' Motion for attorney's fees and costs. **Petitioners are awarded attorney's fees and costs in the total amount of $28,413.91 as follows:**

**A lump sum of $24,563.91, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioners' counsel of record IOLTA account for prompt disbursement; and**

---

[3] Petitioners moved to strike Respondent's response as untimely. Although Respondent's response was filed one day late, I must assess the reasonableness of fees whether Respondent responds to the motion or not. Thus, Petitioner' 'motion to strike is moot.

**A lump sum of $3,850.00, representing reimbursement for Petitioners' out of pocket costs, to be paid through an ACH deposit to Petitioners' counsel of record IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.